IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:      1:98cr49/WTH/GRJ
                                                        1:16cv213/WTH/GRJ
DANIEL K. GARCIA,
    Petitioner.

---

## REPORT AND RECOMMENDATION

Petitioner Daniel K. Garcia, through appointed counsel, filed a Time Sensitive Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 contending that he is entitled to sentencing relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 237.) The Government filed a response in opposition, Petitioner filed a reply, and both parties have filed notices of supplemental authority or responses thereto. (See ECF Nos. 239, 244, 245, 246, 248, 249.) After a review of the record and the arguments presented, the Court concludes that Petitioner's motion should be denied.

## BACKGROUND

Petitioner was convicted after a jury trial of possession of a firearm by a convicted felon and knowingly possessing a stolen firearm. (ECF Nos. 1, 48.) Petitioner's Presentence Investigation Report ("PSR") reflected three prior burglary convictions from 1986, 1987, and 1993 (ECF No. 240, PSR ¶¶ 37, 38, 40), and four separate convictions for second degree robbery from 1994. (ECF No. 240, PSR ¶¶ 43-46.) He was classified as an Armed Career Criminal, although the qualifying convictions were not specifically enumerated in the paragraph identifying him as such. (ECF No. 240, PSR ¶ 32.) Due to the ACCA classification, the otherwise applicable offense level of 30 became 34. (ECF No. 240, PSR ¶¶ 31-34.) Petitioner had twelve criminal history points, which would have yielded a criminal history category of IV, but for the fact that he used or possessed the firearm in connection with a crime of violence. Instead, the resulting criminal history category was VI.   (ECF No. 240, PSR ¶ 50.) The applicable guidelines range was 262 to 327 months.   (ECF No. 240, PSR ¶ 108.)

Petitioner filed numerous written objections to the PSR in which he objected, among other things, to being sentenced pursuant to the ACCA. (ECF No. 62 at 3.) After overruling all of his objections, the court sentenced

Petitioner at the high end of the applicable range on Count 1, to a term of 327 months, and to the statutory maximum term of 120 months as to Count 2. The sentences were to run concurrently with each other and with a sentence imposed in state court for related conduct. (ECF No. 92 at 25-26, 29; ECF No. 68.) The Eleventh Circuit affirmed. (ECF No. 107.)

Petitioner filed a § 2255 motion, as well as several post-conviction motions. All motions were denied and any appeals were dismissed or otherwise resolved in the Government's favor. (ECF Nos. 121, 139, 141, 161, 172, 194, 198, 217, 219, 234.) The Eleventh Circuit granted Petitioner's application for leave to file a second or successive § 2255 motion, finding that he had met the statutory criteria of § 2255(h). (ECF No. 236.) Petitioner filed the instant § 2255 motion contending that he is entitled to resentencing without the application of the ACCA enhancement, because, he claims, none of his prior burglary or robbery convictions can be used to support the enhancement. (ECF No. 237.)

## ANALYSIS

Under the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. §

924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

At the time of his sentencing, Petitioner's ACCA enhancement was arguably supported by the three convictions for burglary and four separate convictions for robbery. The Government does not contest that Petitioner's convictions for Florida burglary are no longer ACCA predicates. See *Mathis v. United States*, 136 S. Ct. 2243 (2016). Instead it argues that the four

1994 robbery convictions in paragraphs 43 to 46 of the PSR continue to support the application of the ACCA enhancement even after *Johnson*.

In 1997, the Florida Supreme Court clarified the Florida robbery statute, § 812.13, Florida Statutes. The Court held that the statute has never included theft or taking by mere snatching, but rather that the perpetrator of such an offense must employ more than the force necessary to remove the property from the person; snatching is theft only and does not involve the degree of physical force needed to sustain a robbery conviction under § 812.13(1). *Robinson v. State*, 692 So.2d 883, 886-887 (Fla. 1997). The *Robinson* decision has been argued to be a turning point in the law on Florida robbery.

Petitioner acknowledges that existing Eleventh Circuit precedent holds that post-1997 robbery convictions qualify as predicate offenses under the elements clause of the ACCA. (ECF No. 248.) He argues, however, that this precedent is in error, and in any event that it is inapplicable to his pre-1997 convictions.

The Eleventh Circuit has stated that there is no binding precedent that holds that pre-2000 Florida robbery convictions qualify as violent felonies. *In re: Jackson*, 826 F.3d 1343, 1346-47 (11th Cir. 2016). The

*Jackson* court noted that in 2000, the Florida legislature separated robbery by sudden snatching into its own statute, thus removing any doubt about the required element of "violence." *Jackson*, 826 F.3d at 1346 (citing *United States v. Welch*, 683 F.3d 1304, 1311 & n.30 (11th Cir. 2012)). The *Jackson* court did not discuss, or even cite, *Robinson*.

Less than five months later, without citing *Jackson,* the Eleventh Circuit held that a defendant's 1989 Florida armed robbery conviction "categorically qualifies as a 'violent felony' under the ACCA's elements clause." *United States v. Fritts*, 841 F.3d 937, 944 (11th Cir. 2016) (citing *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011); *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997); *McCloud v. State*, 335 So. 2d 257, 258-259 (Fla. 1976); and *Montsdoca v. State*, 93 So. 157, 159 (Fla. 1922)); *see also In re Hires,* 825 F.3d 1297 (11th Cir. 2016) (rejecting the claim that *Descamps v. United States,* 133 S. Ct. 2276 (2013), undermined Eleventh Circuit precedent in *Dowd* and holding that the defendant's 1995 Florida robbery conviction qualified as a violent felony under the ACCA's elements clause); *In re Thomas,* 823 F.3d 1345, 1349 (11th Cir. 2016) (citing *Dowd* and holding that the defendant's 1980 and 1986 Florida "convictions for

armed robbery qualify as ACCA predicates under the elements clause"); *In re Moore,* 830 F.3d 1268, 1271 (11th Cir. 2016) (concluding that the defendant's two Florida robbery-with-a-firearm convictions and his armed robbery conviction "qualify as violent felonies under our binding precedent" in *Dowd* and *Thomas*)); *United States v. Seabrooks*, 839 F.3d 1326 (11th Cir. 2016) (defendant's six 1997 Florida convictions for armed robbery with a firearm qualified as violent felonies under the ACCA's elements clause). Whether a particular robbery was "armed" or not appears to be of no moment, as the *Fritts* court cited the Florida Supreme Court in saying "There can be no robbery without violence, and there can be no larceny with it. It is violence that makes robbery an offense of greater atrocity than larceny." *Fritts*, 841 F.3d at 943 (quoting *Montsdoca v. State*, 93 So. 157, 159 (Fla. 1922)).

    The undersigned recognizes that defendant Fritts has filed a petition for a writ of certiorari in the United States Supreme Court. *United States v. Fritts*, *petition for cert. filed* (U.S. Feb. 3, 2017) (No.16-7883). The pendency of a request for a petition for certiorari does not allow the court to ignore binding precedent. Pursuant to *Fritts* and the cases cited therein,

Petitioner's robbery convictions are proper ACCA predicates and his motion to vacate his sentence must be denied.

## Conclusion

Although Petitioner Garcia's burglary convictions are no longer ACCA predicates, his four prior robbery convictions sustain the application of the ACCA enhancement. Consequently, his motion to vacate or correct his sentence should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF No. 237), should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 24th day of February, 2017.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to

Case Nos.: 1:98cr49/WTH/GRJ; 1:16cv213/WTH/GRJ

the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:98cr49/WTH/GRJ; 1:16cv213/WTH/GRJ